UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CURTIS WARD,

        Plaintiff,

                                             Case No. 16-10646
v.                                      Hon. Terrence G. Berg

HEALTHCARE CLINIC,

        Defendant.
_____/

## **ORDER OF SUMMARY DISMISSAL**

      Before the Court is Plaintiff Curtis Ward's pro se civil rights complaint. Plaintiff, an inmate in the custody of the Michigan Department of Corrections, alleges he is being denied a single person cell or bottom bunk assignment due to his bed wetting. He names a single defendant, "Health Care Clinic." Plaintiff has been granted leave to proceed without prepayment of the filing fee for this action. The complaint appears to seek injunctive relief requiring an extension of his bunk assignment and the arrest and prosecution of the defendant. For the reasons that follow, the complaint will be dismissed under 28 U.S.C. § 1915(e)(2)(B) for failure to state a claim upon which relief may be granted.

### I.    Legal Standard

      Federal Rule of Civil Procedure 8(a) requires that a complaint set forth "a short and plain statement of the claim showing that the pleader is entitled to relief," as well as "a demand for the relief sought." Fed. R. Civ. P. 8(a)(2)-(3). The purpose of this rule is to "give the defendant fair notice of what the . . . claim is and

the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957) and Fed. R. Civ. P. 8(a)(2)). While this notice pleading standard does not require "detailed" factual allegations, *Twombly*, 550 U.S. at 555, it does require more than the bare assertion of legal conclusions or "an unadorned, the defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" Id. (quoting *Twombly*, 550 U.S. at 555). "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 129 S. Ct. at 1949 (quoting *Twombly*, 550 U.S. at 557).

Plaintiff has been granted leave to proceed without prepayment of the filing fee for this action due to her indigence. Under the Prison Litigation Reform Act ("PLRA"), the Court is required to sua sponte dismiss an in forma pauperis complaint before a defendant is served if it determines that the action is frivolous or malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. *See* 42 U.S.C. § 1997e(c); 28 U.S.C. § 1915(e)(2)(B). A complaint is frivolous if it lacks an arguable basis in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

To state a federal civil rights claim, a plaintiff must allege (1) the deprivation of a right, privilege, or immunity secured by the federal Constitution or laws of the United States, and (2) the deprivation was caused by a person acting under color of


state law. *Flagg Bros. v. Brooks*, 436 U.S. 149, 155-57 (1978). A pro se civil rights complaint is to be construed liberally. *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972).

## II.   Plaintiff's Claims

Plaintiff names a single defendant, "Health Care Clinic." To state a claim under § 1983, a plaintiff must allege that the claimed federal violation was committed by a person acting under color of state law. *Flagg Bros.*, 436 U.S. at 155-57. A state prison facility is not a person or legal entity capable of being sued under § 1983. *See Parker v. Michigan Dept. of Corrections*, 65 Fed. App'x 922, 923 (6th Cir. 2003); *Poole v. Michigan Reformatory*, No. 09-cv-13093, 2009 WL 2960412, *1 (E.D. Mich. Sept. 11, 2009) (holding that prison facilities are not "persons" or legal entities subject to suit under § 1983); *McGlone v. Warren Correctional Institution*, No. 1:13-cv-126, 2013 WL 1563265, *3 (S.D. Ohio Apr. 12, 2013) (same). Nor is a unit or subdivision of a prison a legal entity capable of being sued. *See Connor v. Hurley*, 2004 U.S. Dist. LEXIS 7146, 2004 WL 885828, *2 (S.D.N.Y. April 26, 2004) (defendants identified as "Green Haven Correctional Facility (Medical Staff)" and "Green Haven Correctional Facility (Administration)" are not persons subject to suit under § 1983).

Moreover, conclusory allegations are insufficient to state a civil rights claim under § 1983. *See, e.g., Lanier v. Bryant*, 332 F.3d 999, 1007 (6th Cir.2003). Plaintiff's entire complaint states:

> The facts of my case are is that healthcare won't renew my detail for my bottom bunk single room detail cause I wet the bed the

> name of the people involved are healthcare in Gus Harrison Prison who won't renew my detail and the date is 6 month from the time I got the detail until it expires 2-17-16 and the place is Adrian Mich Adrian Prison.

Complaint, p. 3.

Plaintiff identifies a potential future injury earlier in his complaint of "putting life in danger," but he does not allege any illegal motive or wrongful conduct, nor does he identify any constitutional violation. Accordingly, his complaint fails to satisfy the minimal pleading requirements.

### III.   Conclusion

For the reasons stated, the Court concludes that Plaintiff has failed to state a claim upon which relief may be granted under 42 U.S.C. § 1983. Accordingly, the Court **DISMISSES** the complaint pursuant to 28 U.S.C. §§ 1915(e)(2)(B) without prejudice for failure to state a claim. The Court also concludes that an appeal from this order would be frivolous and cannot be taken in good faith. See 28 U.S.C. § 1915(a)(3); *McGore v. Wrigglesworth*, 114 F.3d 601, 610-11 (6th Cir. 1997).

//

//

//

//

4

Finally, this is Plaintiff's SECOND STRIKE under 28 U.S.C. § 1915(g)[1]; see *Ward v. MDOC*, Eastern District of Michigan No. 11-cv-13930 (Sept. 13, 2011)(Plaintiff's first strike).

**SO ORDERED.**

Dated:  July 1, 2016  s/Terrence G. Berg
TERRENCE G. BERG
UNITED STATES DISTRICT JUDGE

**Certificate of Service**

I hereby certify that this Order was electronically submitted on July 1, 2016, using the CM/ECF system; a copy of this Order was also mailed to the Gus Harrison Correctional Facility located at 2727 E. Beecher Street, Adrian, Michigan 49221 directed to Petitioner's attention.

s/A. Chubb
Case Manager

---

[1] Under 28 U.S.C. § 1915(g), a prisoner with "three strikes" is prohibited from initiating a civil action or appeal.  It states:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.